# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SCOTTY MCCRACKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-35-PLC |
| | ) |
| CHANTAY GODERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Scotty McCracken ("plaintiff") for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $6.23. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will direct plaintiff to file a second amended complaint

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $31.15, and an average monthly balance of $26.81. The Court will therefore assess an initial partial filing fee of $6.23, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

Plaintiff is an inmate at the Northeast Correctional Center. On May 17, 2018, he initiated this civil action by filing a document titled "Notice of Petition for Writ of Prohibition." (Docket No. 1). Plaintiff listed "Northeast Correctional Center Native American Council of Elders" and the names of numerous individuals as plaintiffs, and he listed two Missouri Department of Corrections officials as defendants. Essentially, plaintiff claimed the officials were violating the rights of Native American inmates by banning their use of tobacco in religious ceremonies, and he asked this Court to issue a "writ of prohibition" against them.

Subsequently, plaintiff filed numerous documents. These included an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" seeking injunctive relief

against numerous individuals, most of whom were not named as defendants in the original filing. (Docket No. 7). He then filed an amended complaint pursuant to 42 U.S.C. § 1983, followed by a motion to file an amended complaint, in which he asks the Court to make numerous amendments. He also appeared to quarrel with the manner in which this Court docketed his original filing. Plaintiff also filed a declaration in which he described his Native American heritage and his long history of study and practice of his religion, and the manner in which the practice of that religion is currently being restricted. That description included plaintiff's statement that the practice of his religion requires the use of Sacred Longleaf Tobacco, Native American Pipes, and other items, the use of which has been banned pursuant to a Missouri Department of Corrections policy prohibiting tobacco.

## Discussion

In all of his filings, plaintiff can be understood to allege that his right to freely exercise his religion is being restricted because he is not being allowed to use ceremonial pipes, tobacco, and other items. The free exercise clause of the first amendment prevents prison officials from substantially burdening a prisoner's sincerely held religious belief. Prisoners are also protected by the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.* The RLUIPA provides: "No government shall impose a substantial burden on the religious exercise" of an institutionalized person unless the government can demonstrate that the burden "is the least restrictive means of furthering [a] compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

To establish violations of the RLUIPA and the first amendment, plaintiff must show that the defendant's policies and actions substantially burden his ability to practice his religion. *Gladson v. Iowa Dep't of Corrections*, 551 F.3d 825, 831, 833 (8th Cir. 2009). A substantial

burden is one that significantly inhibits or constrains religious conduct, meaningfully curtails an inmate's ability to express adherence to his faith, or denies an inmate reasonable opportunities to engage in fundamental religious activities. *Van Wyhe v. Reisch*, 581 F.3d 639, 656 (8th Cir. 2009) (citation and quotation omitted). The RLUIPA allows official-capacity claims against prison officials, but it does not authorize monetary damages based on those claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009). In *Native Am. Council of Tribes v. Weber*, 750 F.3d 742 (8th Cir. 2014), the Eighth Circuit recognized that prison inmates' use of tobacco during Native American ceremonies is a religious exercise, and held that the defendants' complete ban on tobacco use substantially burdened the exercise of the inmates' religious beliefs.

In the case at bar, numerous defects render this case subject to dismissal. First, it appears that plaintiff attempts to bring this action on behalf of himself and several of his fellow inmates. The additional parties are identified by their individual names, and also by reference to the name of an entity of which they are all presumably members. However, plaintiff lacks standing to bring claims on behalf of others, and he does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another party in federal court. *See* 28 U.S.C. § 1915(e)(2)(B); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court). To the extent plaintiff and other inmates are attempting to join together as plaintiffs, they are advised that this is impermissible. Multiple prisoners may not join together and proceed *in forma pauperis* in a single lawsuit. *See, e.g., Georgeoff v. Barnes*, No. 2:09-cv-14 ERW, 2009 WL 1405497 (E.D. Mo. 2009).

Plaintiff also repeatedly states he intends to seek a writ of prohibition. However, a writ of prohibition is inapplicable here.[1] Plaintiff also filed an amended complaint pursuant to 42 U.S.C. § 1983, but again listed numerous individuals as plaintiffs and purported to allege claims on their behalf. As explained above, this is impermissible. He also named twelve defendants without explaining what each of them did to violate his rights. Finally, after filing the amended complaint, plaintiff filed a motion to file an amended complaint, seeking to amend via supplementation or interlineation. However, plaintiff may not amend his complaint in this manner, and neither this Court nor the defendants should bear the burden of poring through multiple filings in an attempt to discern his claims.

As noted above, plaintiff has expressed his intent to file an amended complaint. Given the deficiencies explained above and given plaintiff's expressed intent to amend, the Court grants plaintiff the opportunity to file a second amended complaint within thirty days. However, the Court denies as moot plaintiff's motion to amend in which he seeks to amend via supplementation or to correct information on the docket sheet, as plaintiff will be able to accomplish his goals by filing a second amended complaint.

Plaintiff is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a "short and plain" statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires a party to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. All of plaintiff's claims must be included in one, centralized complaint form.

---

[1] Typically, a writ of prohibition is a writ from a superior court to a subordinate court or tribunal, directing it to stop doing something that is prohibited by law.

Plaintiff must clearly identify each defendant against whom he is alleging a claim, and he must state, for each defendant he names, the specific facts about what that defendant did to violate his rights. Plaintiff should also specify whether he is suing each defendant in his or her individual capacity, official capacity, or both. If plaintiff names more than one defendant, he may only allege claims that are related to each other, and that involve common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order to file a second amended complaint. The second amended complaint will completely replace the original, and will be subject to review pursuant to 28 U.S.C. § 1915(e). Plaintiff is cautioned that his failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.

**Motion for Injunctive Relief**

Plaintiff has also filed a "Motion for Preliminary Injunction and Motion for Temporary Restraining Order" (Docket No. 7), which is most properly characterized as a request for a preliminary injunction to prevent defendants from burdening his constitutional rights. The purpose of a preliminary injunction is to protect the movant from harms alleged in the complaint while litigation is pending. Thus, the movant must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (*en banc*). A preliminary injunction is an "extraordinary remedy," and the "party seeking injunctive relief

bears the burden of proving all the *Dataphase* factors." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). Here, plaintiff has yet to file a viable complaint, and the motion is therefore premature. In addition, plaintiff has not met his burden of establishing all of the *Dataphase* factors sufficient to demonstrate entitlement to injunctive relief at this stage of the case. The Court therefore denies the motion, without prejudice.

### Motions to Appoint Counsel

Plaintiff has also repeatedly moved for the appointment of counsel. (Docket Nos. 5 and 10). The motions are denied at this time, without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. Here, it does not appear that the factual or legal issues in this case are complex. In addition, the Court is providing plaintiff the opportunity to file a second amended complaint, and has clearly instructed him about the manner in which to do so. If appropriate at a later stage of this litigation, plaintiff may file a motion to appoint counsel that addresses the foregoing factors.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's subsequently-filed duplicate motion for leave to proceed *in forma pauperis* (Docket No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Docket No. 7) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend (Docket No. 13) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docket Nos. 5 and 10) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $6.23 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file a second amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.**

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of July, 2018