# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SCOTTY MCCRACKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-35-PLC |
| | ) |
| CHANTAY GODERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of a second amended complaint by plaintiff Scotty McCracken. For the reasons discussed below, the Court will dismiss plaintiff's official capacity claims for monetary damages, and will direct the Clerk of Court to issue process upon the second amended complaint as to plaintiff's remaining claims.

## Background

Plaintiff is an inmate at the Northeast Correctional Center ("NECC"), an institution within the Missouri Department of Corrections ("MODOC"). He initiated this civil action on May 17, 2018 by filing numerous documents seeking various forms of relief, including injunctive relief, on his own behalf and on behalf of other NECC inmates. As set forth in the Court's July 20, 2018 Memorandum and Order, plaintiff's pleadings were deficient in numerous respects, and he was not entitled to the injunctive relief he sought. Plaintiff was instructed to file an amended pleading setting forth all of his claims for relief. *See* (Docket No. 14). Plaintiff timely complied, and the Court now reviews his second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## The Second Amended Complaint

Plaintiff brings the second amended complaint against Chantay Godert (the Warden of NECC), Anne Precythe (the Director of MODOC), Doug Worsham (the MODOC Supervisor of Religious and Spiritual Programming), Murray Phillips (the NECC Chaplain), and Captain Painter (a Shift Commander). He sues all defendants in an official and individual capacity.

Condensed and summarized, plaintiff alleges as follows. Plaintiff is a Native American Medicine Man who has engaged in the study and practice of his religion since childhood. Earlier this year, MODOC instituted a ban of the sale, possession and consumption of tobacco products. The ban was to include exceptions for authorized religious purposes. However, on March 27, 2018, Worsham distributed a Memorandum directing institutional chaplains to remove all tobacco and associated items, including sacred pipes and sacred longleaf tobacco, items that are fundamental to plaintiff's religious activities. MDOC has long listed sacred longleaf tobacco as needed and approved for Native American prisoners. Worsham sent the Memorandum to Precythe, but she failed to take action to protect plaintiff's right to freely exercise his religion. Phillips made no effort to protect plaintiff's rights, and allowed staff to confiscate sacred items and throw them into the gutter. On March 30, 2018, Painter, a shift commander, called plaintiff to his office and ordered him to surrender all sacred pipes, sacred longleaf tobacco, prayer ties/bundles, and all accessories, threatening him with administrative segregation if he refused to comply. Plaintiff was ultimately forced to surrender the items on March 31, 2018. Plaintiff informed Godert of the constitutional violations, but she did not respond. Then, during a meeting, plaintiff asked Godert if he could ask her something and she replied, "If this has to do with any Indian Crap I don't want to hear it, now what's your question?" (Docket No. 18 at 10).

Plaintiff filed an IRR, a grievance, and a grievance appeal which were denied. As relief, he seeks the return of the sacred pipe and sacred long leaf tobacco. He also seeks monetary relief.

**Discussion**

"It is well-accepted that '[p]rison inmates retain constitutional rights protected by the First Amendment, including the right to free exercise of religion.'" *Native Am. Council of Tribes v. Weber*, 750 F.3d 742, 748 (8th Cir. 2014) (quoting *Fegans v. Norris*, 537 F.3d 897, 902 (8th Cir. 2008)). Prisoners enjoy the additional protection for religious exercise by institutionalized persons through the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.* The RLUIPA provides: "No government shall impose a substantial burden on the religious exercise" of an institutionalized person unless the government can demonstrate that the burden "is the least restrictive means of furthering [a] compelling governmental interest." 42 U.S.C. § 2000cc-1(a). To set forth a claim under the Free Exercise Clause and RLUIPA, plaintiff must demonstrate that the defendant's policies and actions substantially burden his ability to practice his religion. *Gladson v. Iowa Dep't of Corrections*, 551 F.3d 825, 831, 833 (8th Cir. 2009), *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). A substantial burden is one that significantly inhibits or constrains religious conduct, meaningfully curtails an inmate's ability to express adherence to his faith, or denies an inmate reasonable opportunities to engage in fundamental religious activities. *Van Wyhe v. Reisch*, 581 F.3d 639, 656 (8th Cir. 2009) (citation and quotation omitted).

The Eighth Circuit has recognized that prison inmates' use of tobacco during Native American ceremonies is a religious exercise, and held that a prison official's complete ban on tobacco use substantially burdened the exercise of the inmates' religious beliefs. *Native Am.*

*Council of Tribes,* 750 F.3d 742. In this case, the Court concludes that plaintiff has made a threshold showing defendants have substantially burdened his religious exercise, as required to make a prima facie constitutional free exercise claim, and a prima facie statutory free exercise claim. The Court will therefore direct the defendants to respond to the second amended complaint. However, the Court notes the Eleventh Amendment prevents these defendants from being sued in their official capacities for monetary damages. *See Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984), *Van Wyhe*, 581 F.3d at 655. Therefore plaintiff's official capacity claims for monetary damages will be dismissed at this time.

Before filing the second amended complaint, plaintiff filed a "Motion for Temporary Restraining Order Preliminary Injunction" and a "Motion for Contempt of Court." (Docket Nos. 15 and 17). These motions contain the same defects as described in the Court's July 20, 2018 Memorandum and Order, and fail to establish entitlement to relief at this stage of this litigation. They will therefore be summarily denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the second amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Chantay Godert, Doug Worsham, Anne Precythe, Murray Phillips, and Captain John Doe Painter.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims for monetary damages are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Temporary Restraining Order" (Docket No. 15) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Contempt of Court" (Docket No. 17) is **DENIED** without prejudice.

Dated this 17th day of October, 2018.

                                                              E. RICHARD WEBBER
                                                              UNITED STATES DISTRICT JUDGE